**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-CR-563 (JDB)** |
| **v.** | : | |
| | : | |
| | : | |
| **VICTORIA CHARITY WHITE,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' REQUEST FOR COLLOQUY WITH DEFENDANT AND APPOINTMENT OF STANDBY COUNSEL OVER OBJECTION

The United States hereby requests the Court conduct a colloquy with *pro se* defendant Victoria White (the "Defendant") to ensure she understands the terms of the Protective Order; reiterate that she is bound by the Protective Order previously entered in this case; and appoint standby counsel (over her objection) to facilitate her access to the Global Discovery materials and materials designated Sensitive and Highly Sensitive under the Protective Order.

### I.      Background

#### a.  The Protective Order

On July 8, 2022, the Court granted prior counsel's motion to withdraw (ECF No. 38) and granted the Defendant's request to proceed *pro se*.  As noted on the docket, the Court advised that it would "appoint Stand-by Counsel to Assist the Defendant."  However, the Defendant has advised the Government that she does not wish to proceed with standby counsel, and, indeed, as of the date of this filing, the Government has not been contacted by any standby counsel for the Defendant.  Pursuant to the terms of the Protective Order entered in this case (ECF No. 11), the absence of standby counsel has prevented the Government from providing the Defendant with all the discovery available in this case.

The Protective Order governs the handling and dissemination of discovery materials that the United States has designated as "Sensitive" or "Highly Sensitive."  It applies to materials provided in "case-specific" discovery (*i.e.*, discovery that is particular to the Defendant) and "global" discovery (*i.e.*, discovery that has been made available to all defendants charged with crimes stemming from the siege of the United States Capitol on January 6, 2021 (the "Capitol Siege")).[1]

The Protective Order requires defense counsel to provide a copy of the order to the Defendant, review its terms with her, and obtain a fully executed copy of Attachment A (in which the Defendant acknowledges her understanding and acceptance of the protective order), before providing the Defendant access to Sensitive or Highly Sensitive materials.  It further requires counsel to file a copy of Attachment A with the Court within one week of execution.  In this case, the Protective Order was entered by the Court on June 11, 2021.  At that time, the Defendant was represented by counsel, who consented to the Government's motion for the Protective Order. However, no executed copy of Attachment A has been filed on the record.

Once the conditions described above are satisfied, the order provides that defense counsel may share Sensitive and Highly Sensitive discovery materials with Defendant, subject to certain conditions.   The Protective Order prohibits the Defendant from using, disseminating, or reproducing such materials except in connection with the defense of her case or other Capitol Siege cases.  It requires the Defendant to maintain custody and control over any Sensitive materials she

---

[1] The materials being provided in global discovery far exceed the information to which any defendant is entitled under Federal Rule of Criminal Procedure 16, the Jencks Act, or the government's *Brady* obligations.   The Government is making such materials available to defendants due to the unique circumstances of this matter, *i.e.*, literally hundreds of similar crimes being committed in the same place contemporaneously.

is provided.  And it prohibits the Defendant from viewing Highly Sensitive materials unsupervised by defense counsel or another member of the legal defense team.

The Government has made substantial case-specific and global discovery productions to the Defendant's prior counsels.  Such discovery, summarized below, includes a significant number of Sensitive and Highly Sensitive documents.  While the Government has been able to produce most of the case-specific discovery directly to the Defendant since she has been *pro se*, the Government has not been able to provide the Defendant with any Highly Sensitive discovery or with access to the global discovery, as both require the assistance of counsel, or in the Defendant's case, standby counsel.

### b.  Case-Specific Discovery

The case-specific discovery in this matter is substantially complete.[2]  The Government has produced to the Defendant social media files, open-source photos and videos, FBI files, and body-worn camera videos.  However, pursuant to the terms of the protective order, the Government has not produced to the Defendant material marked Highly Sensitive, which includes U.S. Capitol Police ("USCP") Closed Circuit Video ("CCV") footage from inside the Capitol by the entrance to the Lower West Terrace and those portions of the Capitol Building through which the Defendant was escorted by police after her arrest on January 6, 2021.

### c.  Global Discovery

The Government has produced over 30,000 files largely consisting of body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies to an evidence.com video repository that is managed and

---

[2] The Government acknowledges its ongoing disclosure obligations under *Brady*, *Giglio*, and the Jencks Act.

administered by the Federal Public Defender for the District of Columbia ("FPD") and the Defender Service's National Litigation Support Team ("NLST").  For context, the files provided amount to over nine terabytes of information and would take at least 105 days to view continuously.  Over 20,000 of these files consist of USCP CCV that has been designated as Sensitive or Highly Sensitive under the protective order.  Such sensitivity designations were imposed to prevent defendants who breached the Capitol and/or its grounds from obtaining or further disseminating information about the layout, vulnerabilities, and security weaknesses of the Capitol.  *See* Exhibit A (Declaration of Thomas A. DiBiase, General Counsel for the USCP), ¶ 14.

Since October 2021, all Capitol Siege defense counsel have been able to request a license from FPD to access the defense evidence.com video repository.  Authorized users of this database can both download and share video files.  Given the vast quantity of protected materials within the repository, and the ease with which materials may be shared from the repository, no defendants have been given direct access to it.  Subject to the terms of the Protective Order, however, defense counsel can use evidence.com's tools to share the contents of the video repository with their clients.[3]  The Government has previously authorized defendants to view Highly Sensitive footage shared via evidence.com without supervision, provided that the defendant has executed Attachment A to the Protective Order and that, before sharing the footage, counsel employs evidence.com's simple tools to disable the client's ability to further share or download.  If the footage counsel seeks to share is designated Sensitive, counsel can (and should) further assure client compliance with the protective order by utilizing the same tools.[4]

---

[3] Defense counsel can easily share up to 100 files at a time.  There is no limit on the number of files that may be shared.

[4] As discussed above, the conditions for defense counsel to share Sensitive or Highly Sensitive

The Government has produced all other global discovery materials to a Relativity workspace that is also managed by FPD and NLST (and their vendor).[5]  As of September 30, 2022, almost 3.47 million files (over 4.62 terabytes of information) have been provided to the defense Relativity workspace.  These files include:

- Information pertaining to James "Ray" Epps;[6]
- U.S. House of Representatives and U.S. Senate Recording Studio footage;
- Reports (including video and audio exhibits) arising from investigations into allegations of officer misconduct on or about January 6, 2021;
- Video recorded by the D.C. Metropolitan Police Department's Electronic Surveillance Unit;
- The results of searches of 670 digital devices and 331 Stored Communications Act ("SCA") accounts;
- 330 digitally recorded interviews of investigation subjects;
- Radio communications from multiple law enforcement agencies;
- 1,717 FBI FD-302s and related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps);
- 91,811 (redacted or anonymous) tips;
- Search warrant documents related to the government's collection of comprehensive data from the Capitol's cell tower infrastructure and the collection of geolocation information for the Capitol and restricted perimeter;
- Medical information for officers injured during the siege;
- Case-specific information obtained in connection with the investigation of numerous subjects whose cases have not yet been disposed and whose investigations may be on-going;
- Files provided to the government by multiple law enforcement agencies in response to Rule 16 requests for any potentially discoverable information, including information about individuals who have not been charged;
- Work product consisting of analytical and mapping information created by the government and provided to Capitol siege defense teams to help them identify video files that may be relevant in specific cases;
- Documents the government will use to prove interstate commerce was affected; and
- Documents related to the whereabouts of Vice President Pence on January 6, 2021.

---

materials with Defendant do not appear to have been satisfied here.

[5] Relativity is a cloud-based eDiscovery platform that offers functionalities including document organization, review, production, and analytics within a single environment.

[6] Epps has been the subject of widely-publicized claims that "paint him as a secret federal asset in charge of a 'breach team' responsible for setting off the riot at the Capitol." *See* Alan Feuer, *A Trump Backer's Downfall as the Target of a Jan. 6 Conspiracy Theory,* N.Y. TIMES, July 13, 2022.

Hundreds of thousands of documents in FPD's ever-growing Relativity workspace have been designated as Sensitive and Highly Sensitive because they contain: (1) personal identity and contact information for subjects, witnesses, and victims; (2) victim medical information; (3) allegations about purported officer misconduct (even if unsustained); (4) government work product that was provided solely to assist defense teams in their review of voluminous materials; (5) information obtained from digital devices and SCA accounts such as photographs of, private conversations with, and contact information for, individuals who do not appear to be involved in the criminal conduct alleged (but whose identities may be relevant to establish a defendant's control and ownership over a particular device or account); and (6) files obtained from multiple law enforcement agencies that pertain to individuals who have not been charged.

II.   **The Court Should Remind the Defendant that She is Subject to the Terms of the Protective Order and Appoint Standby Counsel to Facilitate Her Access to Discovery.**

On one hand, the Government does not wish to inhibit the Defendant's access to materials provided in discovery. The Government's sole intent is to safeguard the vast quantities of Sensitive and Highly Sensitive materials described above by ensuring that the Defendant understands the limitations on use, reproduction, and disclosure of Sensitive and Highly Sensitive materials and that such materials are adequately protected.

On the other hand, the Defendant appears to want access to the discovery materials. She has previously demanded from the Government access to all discovery. However, on September 21, 2022, after being advised that standby counsel was required in order for her to obtain access to Global Discovery and Highly Sensitive materials, the Defendant advised the Government that she would not "be bringing up the subject of discovery again" because she did not want standby counsel (and not because she did not want access to the materials). Additionally, on October 4,

2022, the Defendant appeared in a video-recorded interview posted on the Internet in which she commented on her lack of access to discovery in this case. Specifically, she stated, "And when I read, in the little bit of discovery I've been allowed . . . because they don't want me . . . they won't let me have my highly sensitive discovery. They won't let me see it. In the little bit they let me see . . . ."[7]

Given that both parties appear to want the Defendant to have access to the discovery materials, and taking into consideration the nature and quantity of materials at issue, the Government respectfully requests that the Court conduct a colloquy with the Defendant to ensure she understands the Protective Order and is bound by the Protective Order, so that the disclosure of discovery does not jeopardize the national security of the United States, compromise an ongoing investigation, or infringe on the privacy of uncharged third parties and others associated with a case. *See United States v. Concord Mgmt. & Consulting LLC*, 404 F. Supp. 3d 67, 75 (D.D.C. 2019); *United States v. Lindh*, 198 F. Supp. 2d 739, 742 (E.D. Va. 2002).

Further, we request the Court appoint standby counsel who can facilitate the Defendant's access to Highly Sensitive materials consistent with the terms of the Protective Order. As a general matter, appointment of standby counsel is recommended by the Bench Book for United States District Judges, which states "[i]t is probably advisable to appoint standby counsel, who can assist the defendant or can replace the defendant if the court determines during trial that the defendant can no longer be permitted to proceed *pro se.*"[8] Bench Book § 1.02. To the knowledge of the

---

[7] The full interview is available at: https://www.thegatewaypundit.com/2022/10/riveting-interview-j-6-victim-victoria-white-describes-unbelievable-bare-fisted-beating-dc-police-jan-6th-nightmare-followed-must-see-video/.

[8] An on-line version of the Bench Book is located here: https://www.fjc.gov/sites/default/files/2014/Benchbook-US-District-Judges-6TH-FJC-MAR-2013.pdf.

undersigned, standby counsel has been appointed in every Capitol Siege case involving a defendant who has opted to represent themselves.[9]

Standby counsel, who would also be bound by the terms of the Protective Order, can assist the Defendant in gaining access to discovery materials while ensuring that such materials are adequately safeguarded.  For example, assuming the Court is satisfied that the Defendant understands the Protective Order, standby counsel can use their own evidence.com license to share Sensitive and Highly Sensitive footage from FPD's evidence.com video repository *after* suppressing the Defendant's ability to share further or to download.  Similarly, standby counsel can assist the Defendant in accessing materials located in FPD's Relativity database by allowing the Defendant to view materials in standby counsel's office and by downloading materials the Defendant deems relevant (except for Highly Sensitive materials, which the Defendant would need to review while supervised).

The Supreme Court has generally upheld the appointment of standby counsel when a defendant exercises the right of self-representation, subject to two conditions: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury." *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984). "Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself."  Appointing standby counsel to assist the Defendant with access to discovery in the manner described above would in no way impact either of these conditions. *Cf. United States v. Bisong*, 645 F.3d 384, 396-97 (D.C. Cir. 2011) (detained *pro se* defendant's contention that the district court denied him an opportunity to review discovery and

---

[9]  *See U.S. v. Jeremy Brown* (21-cr-00609-APM); *U.S. v. Alan Hostetter* (21-cr-392-RCL); *U.S. v. Pauline Bauer* (21-cr-00386-TNM); *U.S. v. Brandon Fellows* (21-cr-00083-TNM); *U.S. v. Brian Mock*, (21-cr-00444-JEB); *U.S. v. Eric Bochene* (21-cr-00418-RDM).

prepare his *pro se* defense failed where district court ensured standby counsel had access to the discovery materials and was getting defendant the records he requested prior to trial). The Defendant's objection to the appointment of standby counsel is not a bar. *See Indiana v. Edwards*, 554 U.S. 164, 171 (2008) (interpreting *McKaskle* to stand for the proposition that "appointment of standby counsel over self-represented defendant's objection is permissible"). If nothing else, this Court should appoint standby counsel for the specific purpose of ensuring that the Defendant gets access to discovery so this case can proceed.

The Defendant's refusal to accept the appointment of standby counsel who can facilitate her review of discovery materials have hamstrung the Government's good-faith efforts to provide her fulsome access to discovery. The relief sought by the Government strikes a fair balance without inhibiting the Defendant's ability to represent herself or to present an effective defense.

## CONCLUSION

WHEREFORE, the United States requests that the Court conduct a colloquy with the Defendant to ensure she understands the terms of the Protective Order; remind her that she is bound by the Protective Order previously entered in this case; and appoint standby counsel (over her objection) to facilitate her access to the Global Discovery and those materials designated Sensitive and Highly Sensitive under the Protective Order.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:     *s/ Christopher D. Amore*
CHRISTOPHER D. AMORE
Assistant U.S. Attorney
Capitol Siege Detailee
NY Bar No. 5032883
601 D. Street, NW
Washington, DC 20530
Christopher.Amore@usdoj.gov
(973) 645-2757

## CERTIFICATE OF SERVICE

On this 7th day of October, 2022, a copy of the foregoing was served upon the *pro se* Defendant Victoria White via e-mail.

*s/ Christopher D. Amore*
CHRISTOPHER D. AMORE
Assistant United States Attorney
Capitol Breach Detailee
N.Y. Bar No. 5032883
601 D. Street, NW
Washington, DC 20530
Christopher.Amore@usdoj.gov
(973) 645-2757
