UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICTORIA CHARITY WHITE,<br><br>Defendant. | Criminal Action No. 21-563 (JDB) |

### ORDER

Plaintiff Victoria White is charged with a number of offenses stemming from the events at the U.S. Capitol on January 6, 2021. She was initially represented by counsel, see, e.g., April 22, 2021 Min. Entry; Notice of Attorney Appearance [ECF No. 19], but she informed the Court at a status conference on June 22, 2022 that she wished to proceed pro se, see June 22, 2022 Hr'g Tr. [ECF No. 40] at 6:15–19. After conducting a colloquy with White to ensure she was making the decision knowingly and voluntarily, the Court granted her request to proceed pro se. See July 8, 2022 Min. Entry. After advising the defendant further, and having her consult with the Federal Public Defender ("FPD"), the Court also permitted White to proceed without the assistance of standby counsel. The government now seeks a limited modification of that determination.

Discovery in this and other January 6 cases is quite complex. Relevant here, some of the documents and other information that would ordinarily be turned over to the defendants in discovery are marked "Sensitive" or "Highly Sensitive" pursuant to a protective order filed in each January 6 case. See Protective Order [ECF No. 11]. Under that order, there are limitations on how defendants and their legal defense teams may use, disseminate, reproduce, and store materials marked "Sensitive" or "Highly Sensitive." See id. at 2–4; United States' Req. for Colloquy with

Def. and Appointment of Standby Counsel [ECF No. 41] ("Req. for Counsel") at 2–3. The protective order contemplates that defense counsel will play an essential role in reviewing these discovery items – for example, defendants cannot "view such materials unsupervised by defense counsel," and prior to any viewing, defense counsel must "read Defendant the relevant parts of [the protective order], and remind Defendant of the consequences of violating the Order." Protective Order at 3–4.

In addition, the government has provided defense teams with access to "Global Discovery": a set of online repositories of video footage, documents, and other evidence that are managed by the FPD. See Req. for Counsel at 3–5. The first such repository contains primarily video footage from January 6. Id. at 3. Defense counsel is able to request a license from FPD to access this repository, and once the license is granted, counsel is able to download and share files. Id. at 4. As the government describes, "[g]iven the vast quantity of protected materials within the repository, and the ease with which materials may be shared from the repository, no defendants have been given direct access to it." Id. Rather, defendants rely on their defense teams to provide view-only access to certain materials. Id. Beyond that set of videos, the government has also provided millions of files to a Relativity workspace. Id. at 5. Many of these files are designated Sensitive or Highly Sensitive, and for the reasons described above, the government relies on counsel to facilitate access to those files for defendants. See id. at 6.

Given these limitations, the government has not been able to provide White with access to the global repositories or case-specific "Sensitive" or "Highly Sensitive" material. On October 7, 2022, the government filed a motion requesting that the Court appoint standby counsel to facilitate White's access to these discovery items. See Req. for Counsel. At a status conference on October

14, White objected to appointment of standby counsel even for the limited purpose of facilitating her access to that discovery.

## LEGAL STANDARD

A criminal defendant has the right under the Sixth Amendment to conduct his own defense. See Faretta v. California, 422 U.S. 806 (1975). When knowingly and intelligently exercised, this right allows the defendant to "control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." McKaskle v. Wiggins, 465 U.S. 168, 174 (1984). However, the Court "may—even over objection by the accused—appoint a 'standby counsel' to aid the accused." Faretta, 422 U.S. at 834 n.46. Such an appointment must not infringe on the defendant's right to represent himself, thus, "the primary focus must be on whether the defendant had a fair chance to present his case in his own way." McKaskle, 465 U.S. at 177. "Accordingly, participation by standby counsel outside of trial may be permitted insofar as it does not disrupt the pro se defendant's entitlement to preserve actual control over the case he chooses to present to the jury." United States v. Williamson, Crim. A. No. 20-195 (RBW), 2021 WL 5178853, at *2 (D.D.C. Nov. 8, 2021) (cleaned up) (quoting McKaskle, 465 U.S. at 178).

## ANALYSIS

Appointing counsel for the narrow purpose of facilitating access to discovery will not in any way impact White's ability to "present [her] own case in [her] own way," McKaskle, 465 U.S. at 177. It will simply provide her with the tools and information she can use to make an informed decision as to how she presents the case—she is free to disregard or incorporate the information she learns through discovery into her defense case as she wishes. Courts routinely appoint standby counsel—over defendants' objections—for more substantive and consequential

roles than the role counsel would play here without infringing defendants' rights. See, e.g., McKaskle, 465 U.S. at 172 (upholding appointment of standby counsel, who, among other things, conducted some some voir dire and gave the opening argument); United States v. Gomez-Rosario, 418 F.3d 90, 102 (1st Cir. 2005) (holding that standby counsel appointed to review defendant's motions and prevent frivolous motions from being filed "did not deprive [defendant] of control over his defense"); Williamson, 2021 WL 5178853, at *2 (same). Hence, appointing counsel for this limited discovery-related purpose will not infringe White's Sixth Amendment right to represent herself.

Further, it is proper for the Court to appoint standby counsel when necessary to give a defendant access to discovery, as is the case here. Cf. McKaskle, 465 U.S. at 184 (noting that standby counsel appointment to "steer a defendant through the basic procedures of trial" is proper). After reviewing the government's description of the discovery platforms, and after consultation with FPD, the Court concludes that it is technically unworkable for White to receive access to the full discovery to which she is entitled (and which she has indicated she would like to access) without the aid of counsel. The discovery is simply too complex, broad in scope, and sensitive in nature to ensure adequate access for White without the assistance of standby counsel to facilitate that access.

*   *   *

For the foregoing reasons, and upon consideration of [41] the government's motion to appoint counsel, and the entire record herein, it is hereby **ORDERED** that the Federal Public Defender shall appoint standby counsel for White solely for the limited purpose of facilitating her access to discovery.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: October 17, 2022

5