**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA**

v.

**VICTORIA CHARITY WHITE,**

    **Defendant.**

**Criminal Action No. 21-563 (JDB)**

---

## <u>ORDER</u>

Defendant Victoria White is charged via indictment with four offenses related to her conduct at the U.S. Capitol on January 6, 2021.  The government alleges that White was part of the mob that breached the Capitol and that she actively participated in the breach by pushing against law enforcement in an effort to move forward into the Capitol and cheering on rioters as they assaulted police and attempted to break through police barricades.  <u>See</u> Statement of Facts [ECF No. 1-1] at 4–6.

White filed three motions presently before the Court: (1) a motion to dismiss Count One, <u>see</u> Def. White's Mot. to Dismiss Count One of Indictment with Incorporated Mem. of P. & A. [ECF No. 55] ("Mot. to Dismiss Count One"); (2) a motion to dismiss Counts Two and Three, <u>see</u> Def. White's Mot. to Dismiss Counts Two & Three of Indictment [ECF No. 56] ("Mot. to Dismiss Counts Two & Three"); and (3) a motion to transfer venue, <u>see</u> Def. White's Mot. to Transfer Venue & Mem. of P. & A. in Supp. [ECF No. 58] ("Mot. to Transfer Venue").  The government opposes all three motions, and White did not file a reply in support of any of her motions.  The motions are now ripe for decision.

I.      **Motions to Dismiss**

   **A.  Legal Standards**

Under Federal Rule of Criminal Procedure 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  A criminal defendant may challenge an indictment in a number of ways, including, relevant here, "lack of specificity" and "failure to state an offense."  Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling v. United States, 418 U.S. 87, 117 (1974).  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'"  Id. (quoting United States v. Carll, 105 U.S. 611, 612 (1881)); see also United States v. Haldeman, 559 F.2d 31, 123 (D.C. Cir. 1976) ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established.").

As relevant here, there are two ways a defendant may argue that an indictment "fails to state an offense": (1) the statutory provision at issue does not apply to the charged conduct or (2) the statutory provision at issue is unconstitutional.  See United States v. McHugh, 583 F. Supp. 3d 1, 10 (D.D.C. 2022).

In reviewing a motion to dismiss an indictment, "a court assumes the truth of th[e] factual allegations" in the indictment.  United States v. Ballestas, 795 F.3d 138, 149 (D.C. Cir. 2015).

### B. Analysis

White challenges three counts in the indictment against her: Count One, which alleges a violation of 18 U.S.C. §§ 231(a)(3) and 2; Count Two, which alleges a violation of 18 U.S.C. § 1752(a)(1); and Count Three, which alleges a violation of 18 U.S.C. § 1752(a)(2). See Mot. to Dismiss Count One; Mot. to Dismiss Counts Two & Three. The government opposes White's motions, noting that numerous courts have rejected similar challenges in the context of January 6 cases. See Gov't's Opp'n to Mot. to Dismiss Count One [ECF No. 66] ("Opp'n to Mot. to Dismiss Count One"); Gov't's Opp'n to Mot. to Dismiss Counts Two & Three [ECF No. 67] ("Opp'n to Mot. to Dismiss Counts Two & Three").

#### i.   Count One

White argues that Count One of the indictment—which alleges that she committed civil disorder in violation of 18 U.S.C. §§ 231(a)(3) and 2—lacks specificity and is thus unconstitutional. 18 U.S.C. § 231(a)(3) prohibits

> commit[ting] or attempt[ing] to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

"For the purposes of this provision, 'commerce' means 'commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia.'" United States v. Grider, 617 F. Supp. 3d 42, 49 (D.D.C. 2022) (quoting 18 U.S.C. § 232(2)). Count One of the indictment reads in full:

> On or about January 6, 2021, within the District of Columbia, VICTORIA WHITE, committed and attempted to commit an act to obstruct, imped, and interfere with a law enforcement officer lawfully engaged in the lawful performance of their official

> duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

Indictment [ECF No. 32] at 1.

White first argues that Count One fails to allege a critical element of the civil disorder charge: that the civil disorder negatively affected commerce or a federally protected function.  Mot. to Dismiss Count One at 5–10; see 18 U.S.C. §§ 231(a)(3).  In particular, she argues that it "does not allege that Ms. White resided outside the District of Columbia" and that it is "sparse" on "other factual allegations that might concern a 'federally protected function.'"  Mot. to Dismiss Count One at 8.

Neither argument is persuasive.  First, it is not clear how the indictment's silence on White's residence impacts the indictment's validity.  The government need only prove that the civil disorder "adversely affected commerce," which includes commerce wholly within the District of Columbia.  See 18 U.S.C. § 232(2).  Accordingly, the government is not required to allege that White resided outside of the District, or even that commerce outside the District was affected.  See, e.g., Grider, 617 F. Supp. 3d at 49 ("Because Congress has plenary authority to regulate activities within the District of Columbia, the Court need not address Defendant's argument that section 231 exceeds Congress' authority to regulate interstate commerce.").

Second, the indictment's allegations are not impermissibly "sparse" as to this element.  The indictment's description of the federally affected function tracks the language of the statute.[1]  "The validity of alleging the elements of an offense in the language of the statute is, of course, well

---

[1] The indictment states that the civil disorder "in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function."  Indictment at 1.  Per the statute, the civil disorder must "in any way or degree obstruct[], delay[], or adversely affect[] commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function."  18 U.S.C. § 231(a)(3).

established." Haldeman, 559 F.2d at 123.  Moreover, White's "guilt does not hinge on which federally protected function the government references, but that it is a federally protected function." United States v. Sargent, Case No. 21-cr-00258 (TFH), 2022 WL 1124817, at *4 (D.D.C. Apr. 14, 2022) (citing Russell v. United States, 369 U.S. 749, 764 (1962)).  The indictment accordingly need not put White on notice of the specific federally protected function the government alleges the civil disorder affected.

White also alleges that Count One is unconstitutionally vague as it is "replete with vague and imprecise terms that fail to provide a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited."  Mot. to Dismiss Count One at 11; see id. at 10–16.  She argues specifically that the phrases "any act to obstruct, impede, or interfere" and "civil disorder" are impermissibly vague, an issue which she argues is compounded by a lack of scienter in the statute.  See id. at 11–16.

This Court has already rejected an almost identical challenge in United States v. McHugh, 583 F. Supp. 3d 1, 23–29.  The Court sees no reason to disturb its reasoning and conclusions in McHugh and incorporates that opinion in full here.  As it held in McHugh, "civil disorder" "has a fulsome statutory definition: 'any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.'"  593 F. Supp. 3d at 26 (quoting 18 U.S.C. § 232(1)).  And "the phrase 'obstruct, impede, or interfere'" is not "unconstitutionally vague"—ordinary individuals "have an intuitive understanding" of what is proscribed and "there are specific fact-based based ways to determine whether a defendant's conduct interferes with or impedes others."  Id. at 27 (internal quotation marks omitted).  Finally, contrary to White's argument, this Court concluded in McHugh that § 231(a)(3) does include a scienter requirement: "§ 231(a)(3) is a

specific intent statute, criminalizing only acts performed <u>with the intent</u> to obstruct, impede, or interfere with a law enforcement officer."  <u>Id.</u> at 25.  Thus, there is no basis to conclude that § 231(a)(3) is impermissibly vague, and the Court will not dismiss Count One on that basis.

White's final argument as to Count One is that it unlawfully criminalizes speech protected under the First Amendment.  <u>See</u> Mot. to Dismiss Count One at 16–18.  "In the First Amendment context, . . . a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" <u>United States v. Stevens</u>, 559 U.S. 460, 473 (2010) (quoting <u>Wash. State Grange v. Wash. State Republican Party</u>, 552 U.S. 442, 449 n.6 (2008)).  White argues that "Section 231(a)(3) extends to a substantial amount of constitutionally protected speech and expressive conduct, well in excess of the law's legitimate sweep."  Mot. to Dismiss Count One at 18.

Once again, as with White's vagueness argument, the Court has already considered and rejected an identical First Amendment argument.  <u>See</u> <u>McHugh</u>, 583 F. Supp. 3d at 28–30. Although the statute may punish some speech, "the plain text of § 231(a)(3) demonstrates that 'the statute is directed towards conduct, not speech.'"  <u>Id.</u> at 28 (quoting <u>United States v. Nordean</u>, 579 F. Supp. 3d 28, 58 (D.D.C. 2021)).  "[T]he fact that there could be a circumstance in which the government could charge someone whose act constituted a form of speech or expression does not render § 231(a)(3) unconstitutional on its face."  <u>Id.</u> at 29 (emphasis omitted) (quoting <u>United States v. Howard</u>, No. 21-cr-28-pp, 2021 WL 3856290, at *11 (E.D. Wis. Aug. 30, 2021)).  The Court adopts this reasoning from <u>McHugh</u> and will accordingly deny White's motion to dismiss Count One.

ii.  <u>Counts Two and Three</u>

White also moves to dismiss Counts Two and Three, which charge her with violating provisions that criminalize conduct in a "restricted area or grounds."  <u>See</u> Mot. to Dismiss Counts Two and Three.  Count Two charges White with violating 18 U.S.C. § 1752(a)(1), which criminalizes "knowingly enter[ing] or remain[ing] in any restricted building or grounds without lawful authority to do so."  Count Three charges White with violating 18 U.S.C. § 1752(a)(2), which criminalizes

> knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engag[ing] in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions.

The statute defines the term "restricted building or grounds" as

> any posted, cordoned off, or otherwise restricted area . . . (A) of the White House or its grounds, or the Vice President's official residence or its grounds; (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or (C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance.

18 U.S.C. § 1752(c)(1).

White argues that the indictment "fails to state an offense because only the [U.S. Secret Service] restricts areas under §1752."  Mot. to Dismiss Counts Two and Three at 11; <u>see</u> <u>id.</u> at 11–14.  She first details the history of the statute and the protection of the White House, <u>see</u> <u>id.</u> at 3–10, and then contends that if the government's interpretation of § 1752—that other law enforcement agencies, like the U.S. Capitol Police, may restrict areas under the statute—is applied, the indictment "is unconstitutionally vague as to White," <u>id.</u> at 14–19.

This Court—along with nearly every (if not every) other judge in this District—has resoundingly rejected this argument.  <u>See, e.g.</u>, <u>McHugh</u>, 583 F. Supp. 3d at 29–32; <u>United States</u>

v. Neely, Crim. A. No. 21-642 (JDB), 2023 WL 1778198, at *2–5 (D.D.C. Feb. 6, 2023); United States v. Sheppard, Crim. A. No. 21-203 (JDB), 2022 WL 17978837, at *4 (D.D.C. Dec. 28, 2022) (noting that "challenges to § 1752 have been rejected by this Court and others in this District" and collecting cases).  The Court incorporates its discussion in McHugh and previous cases rejecting these arguments and accordingly concludes that "the Capitol building and parts of the Capitol grounds were 'restricted' as required by § 1752."  Sheppard, 2022 WL 17978837, at *4; see also Neely, 2023 WL 1778198, at *4–5 (rejecting vagueness argument and noting that it has "been raised and rejected repeatedly").[2]  It will thus deny White's motion to dismiss Counts Two and Three.

## II.      Venue Motion

White's final motion requests a transfer of venue from Washington, D.C. to the Eastern District of Virginia.  See Mot. to Transfer Venue at 4.  Among other arguments, the motion references and attaches three surveys that White claims demonstrate "substantial bias in D.C.'s potential jury pool."  Id. at 17–21; see also Ex. 2–4 to Mot. to Transfer Venue [ECF Nos. 58-2–4].  All of White's arguments and her analyses of the three surveys have been addressed at length and rejected by this Court and others in this District.  See, e.g., Neely, 2023 WL 1778198, at *6–7; United States v. Brock, Crim. A. No. 21-140 (JDB), 2022 WL 3910549, at *4–8 (D.D.C. Aug. 31, 2022); Sheppard, 2022 WL 17978837, at *6–7; United States v. Nassif, Crim. A. No. 21-421 (JDB), 2022 WL 4130841, at *8–10 (D.D.C. Sept. 12, 2022).  The Court incorporates in full its discussion in Neely, Brock, Sheppard, and Nassif.  White provides no new arguments beyond those

---

[2] Neely and other cases rejected a related argument White makes: that the "rule of lenity dictates that ambiguities in § 1752 be resolved in White's favor" and that the "novel construction principle dictates against the government's interpretation," Mot. to Dismiss Counts Two & Three at 20–22.  Neely, 2023 WL 1778198, at *4 n.2; see also, e.g., Nordean, 579 F. Supp. 3d at 60.

that were considered and rejected in those other cases, and the Court will accordingly deny White's motion to transfer venue.

*      *      *

For the foregoing reasons, and upon consideration of [55] defendant's motion to dismiss Count One, [56] motion to dismiss Counts Two and Three, and [58] motion to transfer venue, and the entire record herein, it is hereby

**ORDERED** that [55] defendant's motion to dismiss Count One is **DENIED**; it is further

**ORDERED** that [56] defendant's motion to dismiss Counts Two and Three is **DENIED**; and it is further

**ORDERED** that [58] defendant's motion to transfer venue is **DENIED**.

**SO ORDERED**.

/s/<br>
_____<br>
JOHN D. BATES<br>
United States District Judge

Dated:  June 29, 2023

9